UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KENNETH JOHNSON and <br> DICKENS PIERRE, <br>     Plaintiffs, <br><br> v. <br><br> OSCAR WINSKI COMPANY, INC., <br>     Defendant. | CAUSE NO.: 4:18-CV-88-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Declaration of Laurie E. Martin and Itemization of Fees Incurred Relating to Motion to Compel [DE 47], filed August 20, 2020. On August 6, 2020, the Court granted in part Defendant's Motion to Compel, ordering production of responsive documents and that are not protected by privilege and ordering the production of a privilege log describing other documents being withheld, and set a briefing schedule regarding the appropriateness of awarding attorney's fees incurred in filing the motion. On August 20, 2020, Defendant filed the instant declaration seeking $15,539.00 in attorney's fees. Plaintiffs filed a response objecting to the request for fees on September 3, 2020, and on September 10, 2020, Defendant filed a reply.

**I.   Analysis**

When a party successfully opposes a motion to compel, Rule 37 provides for the award of "reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In the case of a partially successful motion, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P.

1

37(a)(5)(C). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Defendant asserts that the motion to compel was granted, with the Court ordering that responsive documents be produced and a privilege log provided for all documents withheld on tha basis. Plaintiffs argue that Defendant should not be awarded the full measure of requested fees because the motion was only partially successful and that they were substantially justified in believing that all of the disputed information was protected from disclosure by attorney-client and/or spousal privilege.

A.  Success of the Motion

Plaintiffs characterize the Court's Order as ruling in favor of Plaintiffs on half of the issues on the motion to compel, since the Court did find that communications between both clients and their joint attorney are protected by the attorney-client privilege. However, the Court *granted* Defendant's motion to compel, ordering Plaintiffs to provide responsive documents and a privilege log, although it did weigh in on Plaintiffs' claims of privilege as well. Plaintiffs are reminded:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). However, until Defendant moved to compel the withheld documents, Plaintiffs had not produced a privilege log as required by the rules. The fact that the Court addressed Plaintiffs' assertions of privilege without waiting for the privilege log to be created and additional briefing to be filed does not mean that the motion to compel was not granted in full.

2

Plaintiffs also argue that Defendant is not entitled to fees because Plaintiffs' position was substantially justified, since it was reasonable for Plaintiffs to believe all the withheld documents were privileged. Defendant disputes that characterization. Counsel for Plaintiffs represented that all communications had been produced, without providing a privilege log or asserting claims of privilege that could have been addressed earlier in the case. Although some of the documents may be privileged, as claimed, the scope of the privilege was not the primary emphasis of the motion to compel: it was filed to obtain document production and a privilege log, and was successful. Plaintiffs' assertion that no privilege log was necessary was unsuccessful.

Plaintiffs also argue that other circumstances make an award of fees unjust, arguing that Plaintiffs lack the means to pay an award, and counsel for Plaintiffs made a good faith attempt to resolve the dispute before the motion was filed. Defendant agrees that the parties attempted to resolve the dispute, but points out that Plaintiffs did not even provide a privilege log until the motion was ruled on. Likewise, the financial position of the Plaintiffs themselves is not determinative of whether a fee award is appropriate, particularly as responsibility for the payment lies with "the party or attorney advising that conduct, or both." Fed. R. Civ. P. 37(a)(5)(A).

### B.   Amount Requested

The Court next turns to the amount of fees requested. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted).

For the motion to compel, Defendant is requesting reimbursement of 66.6 hours of attorney

3

and paralegal time at $125, $225 or $265 per hour, depending on the person doing the work. Defendant includes the billing statement of the attorneys and an affidavit describing the hourly rate of each of the attorneys and the paralegal who worked on these motions and explanation that the fees are commensurate with the legal market in which they practice.

The Court notes that 66.6 hours is a lot of time for a relatively straightforward motion to compel, and review of the exhibits reveals that there are time entries for the same timekeepers on the same days for the same or similar work, once billed with the code for Plaintiff Johnson and a second billed with the code for Plaintiff Pierre. Only one motion was filed, with only one reply brief, and there were not significantly separate arguments pertaining to the two Plaintiffs. Either Defendant is attempting to recover twice for the same work, or its attorneys are needlessly duplicating work because the Plaintiffs are two individuals, even though they are involved in the same case, the same motion, and the same argument in the briefs. Accordingly, the Court will not order payment of fees for both client codes, and only considers the time billed on Exhibit A. Payment also will not be ordered for time spent preparing for and attending the meet and confer conference with opposing counsel, since that is work that was not directly related to briefing or would have had to occur even if the motions were not filed, and therefore will deduct $562.50 for time spent in these activities, leaving a total of $6,992.00.

## II.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** the request for attorney fees included in the Declaration of Laurie E. Martin and Itemization of Fees Incurred Relating to Motion to Compel [DE 47**]** and **ORDERS** Plaintiffs or their attorneys to reimburse Defendants in the sum of $6,992.00 in attorney fees within a reasonable time.

4

SO ORDERED this 4th day of November, 2020.

                                                s/ John E. Martin  
                                                MAGISTRATE JUDGE JOHN E. MARTIN  
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record