UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KENNETH JOHNSON and DICKENS PIERRE, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>OSCAR WINSKI COMPANY INC, )<br>Defendant. ) | CAUSE NO.: 4:18-CV-88-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Separate and/or Bifurcate Plaintiffs' Claims [DE 33], filed June 8, 2020. Defendant seeks to bifurcate the two plaintiffs' claims for summary judgment and trial. Plaintiffs responded in objection on July 6, 2020, and Defendant replied on July 14, 2020.

In brief, the Complaint alleges as follows: Plaintiffs Kenneth Johnson and Dickens Pierre, who are African American, were employees of Defendant Oscar Winski Company ("OWC"). OWC systematically pays African American employees less than similarly situated white employees, and "passes over" African American employees seeking promotions or higher paying jobs. Johnson and Pierre, who worked for different supervisors, complained to the company. In response to their complaints, OWC separately assigned both plaintiffs to work mandatory overtime shifts, even though OWC knew they both had second jobs. Although the company had accommodated white employees who could not work mandatory overtime assignments, they did not do so for Johnson and Pierre. After being absent for several assigned shifts, Johnson and Pierre were both were fired in October 2017. Johnson and Pierre bring claims of race discrimination and retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act.

OWC seeks to sever or bifurcate the plaintiffs' claims for purposes of summary judgment and trial. Federal Rule of Civil Procedure 21 provides that the Court "may at any time, on just terms, add or drop a party . . . [or] sever a claim against a party." Fed. R. Civ. P. 21. The Court has "broad discretion" in deciding whether to sever claims. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Court considers "the convenience and fairness to parties as well as the claim's separability in logic and law," and the decision should "serve the ends of justice and facilitate the prompt and efficient disposition of the litigation." *Malibu Media, LLC v. John Does 1-14*, No. 1:12-CV-263, 2012 WL 6019259, at *8 (N.D. Ind. Dec. 3, 2012) (citations omitted). The Court can also consider whether the claims arose from the same transaction or occurrence, the potential effect on settlement or judicial economy, any prejudice to the parties, and whether different witnesses and documentary proof are required for the claims. *Dada v. Wayne Twp. Tr.'s Office*, No. 1:07-CV-274, 2008 WL 2323485, at *2 (N.D. Ind. May 30, 2008). The Court can order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

OWC argues that the claims should be severed or bifurcated because the terminations were unrelated to each other. OWC states that both Johnson and Pierre were fired for violations of its attendance policy, and that each employee was considered separately, by different supervisors, resulting in separate decisions for termination. OWC also argues that it will be prejudiced if the plaintiffs' evidence is presented together at trial, because the jury might wrongly infer that evidence for one plaintiff supports the other plaintiff's claims.

OWC overlooks the common questions of law and fact in this action. Plaintiffs allege, in part, that their termination for attendance violations was discriminatory because white employees were accommodated when they could not work mandatory overtime shifts. Given the undisputed

2

allegation that both plaintiffs were forced to work mandatory overtime, the question of whether OWC's overtime practices were discriminatory will rely on common questions of law and fact.[1] OWC argues that each plaintiff must separately show that he "performed reasonably on the job in accord with [his employer's] legitimate expectations," which will require individualized inquiries for each plaintiff. *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 225 (7th Cir. 2017). But as OWC points out, neither plaintiff has disputed that he was absent from the mandatory shifts. The issue appears to turn on whether enforcement of the overtime assignments was pretextual, which is likely to require evidence common to both plaintiffs.

OWC emphasizes the factual differences between the plaintiffs' claims. Although Plaintiffs both allege that they were systematically underpaid and denied promotions and other benefits because of their race, each plaintiff's situation is different. For example, Johnson specifically alleges that he was paid $10.30 per hour, while white workers were paid $10.80 per hour; Pierre, who earned $16.38 per hour at the time of termination, alleges that he was wrongly passed over for three specific promotions. Each also alleges discrimination by his individual supervisors. These factual differences weigh in favor of severance or bifurcation.

However, most of the other factors weigh against severance or bifurcation. Judicial economy would not be served by creating separate motions for summary judgment – and potentially two trials – with substantially overlapping legal and factual questions. Although OWC believes separating the claims will facilitate settlement by "better allow[ing] the parties to consider each case on its own merits," it is not clear why the parties cannot do that on their own. OWC claims it will be prejudiced because of the risk of jury confusion, but that risk is often present in

---

[1] For the same reasons, OWC's argument that the claims must be severed because they do not arise from the same "transaction or occurrence" also fails. A "company-wide discriminatory policy," such as those alleged here by Plaintiffs regarding overtime, compensation, and promotion, constitutes a single "transaction or occurrence." *See, e.g., Davis v. Packer Eng'g, Inc.*, No. 11-CV-07923, 2016 WL 11689521, at *3 (N.D. Ill. Nov. 14, 2016).

cases with multiple plaintiffs. Unlike *Bailey v. Northern Trust*, the jury confusion case relied on by OWC, this case does not appear to be unusually complex, varied, or confusing. *Cf. Bailey v. N. Tr. Co.*, 196 F.R.D. 513 (N.D. Ill. 2000) (severing claims of five plaintiffs with "no evidence . . . of a discrete policy that affected each plaintiff").

For these reasons, the Court hereby **DENIES** Defendant's Motion to Separate and/or Bifurcate Plaintiffs' Claims [DE 33]. The Court **ORDERS** the parties to file any motion for summary judgment by **February 5, 2021**, with any responses due by **March 5, 2021**, and any replies due by **March 19, 2021**.

SO ORDERED on January 7, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
